IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                    :

ORLANDO FERNANDEZ FRANCO  :    Case No. 89-05309(ESL)
ANA C. FERNANDEZ            :

                      :    Chapter 7
    Debtors.           :

                      :

ORLANDO FERNANDEZ FRANCO  :
ANA C. FERNANDEZ            :    Adv. Proc. No. 05-00214

                      :
    Plaintiffs         :

                      :    Violation of Automatic Stay;
vs.                  :    Declaratory Judgment;
                      :    Fraud Action;
COOPERATIVA DE AHORRO Y CREDITO  :    Intentional Infliction of
DE LA POLICIA (POLICOOP);      :    Emotional Distress;
CORPORACION PARA LA SUPERVISION  :    Injunctive Relief and
Y SEGURO DE COOPERATIVAS DE    :    Damages
PUERTO RICO (COSSEC); JOHN DOE,  :
JANE DOE & RICHARD ROE d/b/a SAN  :
ANTON DIVERSIFIED, INC. and/or SAN  :
ANTON PROPERTIES        :

                      :
    Defendants        :

## OPINION AND ORDER

This case is before the court on the Motion for Partial Dismissal (Docket No. 36) filed on February 23, 2006 by co-defendant Corporación para la Supervisión y Seguro de Cooperativas de Puerto Rico ("Cossec"), on its behalf and in its capacity as liquidating trustee of Cooperativa de Ahorro y Crédito de la Policía ("Policoop"). Cossec moved for the partial dismissal of the above captioned adversary proceeding based, in part, on the Plaintiffs' lack of standing to pursue a claim not scheduled as property of the estate and Plaintiffs failure to file the complaint within the statute of limitations period. After careful consideration of the arguments presented and for the

reasons stated below, this court hereby grants the Motion for Partial Dismissal.

## Procedural Background

On September 23, 2005 Orlando Fernandez Franco and Ana C. Fernandez filed the present adversary proceeding against Cossec, Policoop, John Doe, Jane Doe & Richard Roe d/b/a San Anton Diversified, Inc. and/or San Anton Properties for violation of automatic stay; declaratory judgment; fraud action; intentional infliction of emotional distress; injunctive relief and damages. The Complaint relates that back in 1988 Mr. Orlando Fernandez Franco and Ms. Ana C. Fernandez (the "Plaintiffs") owned a residence located at Calle Arroyo #C-4, Urb. El Remanso, Rio Piedras, Puerto Rico, encumbered by two liens, the first in favor of Doral Mortgage and the second in favor of First Federal Savings Bank. At that time, Plaintiffs owed on their mortgages, the amount of $89,150 to Doral Mortgage, and the amount of $24,445 to First Federal Savings Bank. It is alleged in the Complaint that the property was worth around $110,000 to $115,000. The Plaintiffs sought the refinancing of the debt with Policoop.

In 1988 Policoop loaned the Plaintiffs approximately $92,000, which was distributed in the following way: $20,000 on a Golden Certificate in Plaintiffs' name and held as guarantee for the loan; $3,600 in "administrative costs"; $920 to appraiser Humberto Benítez for the appraisal which valued the property at $195,000, and $67,400 to Saint Anton Properties and/or San Antón Diversified. It is alleged in the complaint that co-defendants John Doe and Jane Doe were two officials, agents, representatives and/or high employees from co-defendant Policoop involved in Saint Anton Properties and/or San Anton Diversified. After receiving the amount of $67,400 Saint Anton, through John Doe, on November 3, 1988, issued a check in the amount of $24,445.26 payable to First Federal to liquidate in full the second mortgage. Allegedly, Saint Anton and/or John Doe and/or Jane Doe and/or Policoop unlawfully retained the balance of

- 2 -

approximately $43,000.

After the refinancing with Policoop, Plaintiffs' combined monthly payment for the two mortgages encumbering their property was $2,000. By 1989 the Plaintiffs were in arrears in both mortgages and filed a petition under Chapter 7 of the Bankruptcy Code; Case No. 89-05309(ESL). The discharge order was entered on September 21, 1990.[1] The complaint provides that on or about 1990 Policoop was put into receivership and managed by a trustee "due to the serious financial condition it was left after co-defendants San Antón and/or John Doe and/or Jane Doe and/or Richard Roe and/or Policoop had created a repeated **fraudulent scheme** over which they were accused, found guilty and sentenced by the Federal District Court for the District of Puerto Rico." Complaint, Docket No. 1, page 9. Co-defendant Cossec, a governmental corporation, obtained all outstanding assets as liquidating trustee of Policoop pursuant to Law 114 of August 17, 2001.

The Complaint further provides that after the discharge in 1990, Plaintiffs realized the circumstances surrounding their second mortgage with Policoop and they met with Policoop's legal representatives; Cancio, Nadal & Rivera. Copy of a letter written by attorney Alejandrina Rivera Vicente to Mr. Angel R. Virella, Director of the Department of Collections of Policoop, dated June 3, 1991, was attached to the Complaint.[2] The letter alludes to a meeting held on March 23, 1991, with Plaintiffs' legal representation, Mr. Porrata Doria (Plaintiffs' attorney in the present case), in which Plaintiffs alleged being the victims, as many others, of Policoop's

---

[1] Plaintiffs' personal liability to Policoop was discharged upon the entry of the discharge order pursuant to 11 USC § 727 (b).

[2] In her letter to Mr. Virella Ms. Rivera Vicente makes reference to another letter given by Mr. Porrata Doria during their meeting, which she states, is attached thereto. However, this attachment was not included with Ms. Rivera Vicente's letter attached to the Complaint in the instant case.

- 3 -

"business". In the letter, Ms. Rivera Vicente recommends Plaintiffs' settlement offer but advises that before a settlement is reached they must confirm that Plaintiffs only received the amount paid to First Federal to cancel their second mortgage from Policoop.

On August 27, 1991 the Plaintiffs again filed a bankruptcy petition, Case No. 91-05748, this time, under Chapter 13 of the Bankruptcy Code. The case was dismissed on February 20, 1992 upon motions to dismiss filed by both Policoop and HF Mortgage Bankers prior to the confirmation of the plan.

HF Mortgage, holder of the first mortgage, filed a foreclosure action before the Superior Court of Puerto Rico San Juan Part, Case No. KCD92-0301 and by January of 1993 the property had been sold through a judicial auction to HF Mortgage. On May 27, 1994 Policoop filed a complaint before the Superior Court of Puerto Rico against Plaintiffs herein, Case No. KCD94-0286, requesting payment in full of the monies owed, foreclosure of the property and collection of monies. The case was voluntarily dismissed by Policoop on June 20, 1995, judgment was entered on July 5, 1995.

On February 12, 2004 Policoop and Cossec filed another case against Plaintiffs herein, Case No. KCD 04-0157, before the Superior Court, San Juan Part, again requesting payment in full of the amounts owed, foreclosure of the property and collection of monies. Judgment by default was entered in that case on February 4, 2004. Plaintiffs herein have requested the reopening of the case to answer the complaint, but such request has been denied by the state court.

The Plaintiffs allege that "[c]o-defendants Policoop and Cossec's direct and proximate result of their actions in violation of the Automatic Stay provisions of Section 362(a), the

- 4 -

violation against section 348(d)[3] of the Code providing debtor/plaintiffs with protection against all personal liability existing on the date of commencement of the first bankruptcy case, and the filing of a cause of action which for many reasons has seriously affected plaintiffs causing them severe and grievous Emotional Distress for which they are entitled to damages and have developed post-traumatic stress disorder." Complaint, Docket No. 1, page 12. Plaintiffs further state that defendants willfully, intentionally, maliciously and with reckless disregard for their rights, health and safety, acted in common concert between them to deprive Plaintiffs of their rights, life and property without due process.

Plaintiffs pray, in part, that this court issue a declaratory judgment that defendants acts, policies and procedures violated Plaintiffs' rights; enjoin defendants from continuing their actions against Plaintiffs; issue an automatic stay order under 11 USC §362(a); retain jurisdiction to assure full compliance of the order and find co-defendants jointly and/or severally liable to Plaintiffs in the amount of $1,000,000 for damages caused, and an additional $50,000 of punitive damages.

On February 23, 2006 co-defendant Cossec, on its behalf and in its capacity as liquidating trustee of Policoop, filed a Motion for Partial Dismissal alleging: 1) Plaintiffs' lack of standing to pursue a claim that was not scheduled by debtors as part of the property of the estate; 2) the court's lack of subject matter jurisdiction to adjudicate the non-core portion of the claim which

---

[3] Section 348(d) provides that "[a] claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1208, or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition."

This provision is not applicable to the facts of this case; neither of Plaintiffs' cases were converted.

- 5 -

seeks to make Cossec liable for the alleged fraud committed by Policoop; 3) in consideration thereto that this court should abstain from entertaining the matter altogether; and 4) that this claim against Cossec should be dismissed because it is time-barred.

The Motion for Partial Dismissal provides that Cossec was created pursuant to Law No. 114 of August 17, 2001, which transferred to Cossec the insurance, supervision and audit of savings and credit unions previously delegated to the Commissioner of Financial Institutions and Shares and Deposits Insurance Corporation for Cooperative Savings and Credit Unions pursuant to Laws No. 5 and 6 of January 15, 1990 which were in effect and constitute the applicable law when Policoop was put under receivership in 1991. According to co-defendants, Law 6 establishes the procedure for the dissolution or liquidation of a cooperative, which includes the designation of a receiver by the Commissioner, notice of the dissolution of the cooperative through publication in a newspaper of general circulation, the conversion of the cooperative's assets into cash, initiates the claims that are legally proper and pays the debts in the following order: expenses incurred in the liquidation process, secured obligations, repayment to the insurer for the amount paid to the insured depositors, obligations and deposits of members, depositors and uninsured creditors. After the dissolution process is concluded, the receiver must render a final report to the Commissioner, which when approved, shall be notified to the Secretary of State, who shall proceed to register the report and issue the certificate of dissolution of the cooperative. Cossec alleges that Law No. 6 specifically provides that any member or person having a claim against a cooperative undergoing the process of liquidation must file said claim with the insurer-receiver within 90 days following the date of publication of the notice of dissolution. On December 1st, 1993, the Inspector published the Notice of Dissolution in a

- 6 -

newspaper of general circulation. The notice advised the public of their right to file a claim against Policoop within 90 days. According to Cossec, at the present time it is still in the process of liquidating Policoop, having paid secured claims and some claims filed in the liquidation proceeding and state courts against Policoop. As liquidating trustee Cossec has filed on behalf of Policoop claims for foreclosure and collection of monies.

Cossec argues that in a Chapter 7 bankruptcy case, such as this one, only the trustee has standing to file a claim that was not scheduled by debtor as property of the estate. Cossec further argues that any asset not properly scheduled remains property of the bankrupt estate and the debtor loses all rights to enforce it in his own name even when the bankruptcy case is closed. The trustee and not the debtor is the party in interest with standing to file a claim which is property of the estate.

Cossec also argues that the claims against them and Policoop, now Cossec, are non-core proceedings that must brought in an administrative proceeding, or alternatively, before the state courts. Therefore, Cossec argues, the bankruptcy courts lack jurisdiction to enter a final decision on the matter and should exercise its discretion to abstain pursuant to §1334(c)(1) of title 28.

Lastly, Cossec sustains that this matter is governed by local statute of limitations and in Puerto Rico, when there is a defect in the consent of a party to a contract through fraud or deceit said party may request the annulment of the contract within four years from the date of the consummation of the contract. 31 P.R. Laws Ann. § 3512. Therefore under the statute this cause of action is time prescribed. Cossec adds that the causes of action raised in the complaint are also actionable under Article 1054 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3018 which provides that "[t]hose who in fulfilling their obligations are guilty of fraud, negligence, or

- 7 -

delay ..., shall be subject to indemnify for the losses and damages caused thereby." Cossec states that the applicable statute of limitations for this type of action is one year, as with any type of tort action. Therefore, it is Cossec's contention that "to the extent that the acts allegedly committed by Policoop's officials constitute criminal offences actionable under Article 1802, the term to file said claim was a year after plaintiffs knew or should have known of the fraud." Motion for Partial Dismissal, Docket No. 36 page 22. Even if this cause of action was a breach of contract, for which the statute of limitations is fifteen years, the case would be time-barred, according to Cossec, because the complaint was filed sixteen years after the discharge was entered in the present bankruptcy case (September 24, 1990).

Cossec also requests the imposition of costs and attorney's fees against Plaintiffs for violation of Fed. R. Bankr. P. 9011.

On June 19, 2006 Plaintiffs filed a response to the request for partial dismissal. As to Cossec's argument of lack of standing, Plaintiffs states that in 1989, when the bankruptcy petition was filed, the cause of action against Policoop did not exist, Policoop was simply a secured creditor, holder of a second mortgage over the Plaintiffs' residence. Consequently, the cause of action against Cossec and Policoop could not have been listed in the Schedules as an asset of the estate at that time. On September 21, 1990 the discharge order was entered, and even then there was no potential claim. The mortgaged property was abandoned by the Chapter 7 trustee. The Plaintiffs state that the cause of action cannot be time-barred because they became aware of the alleged fraud after 1991. They conclude that any cause of action belongs to debtors/Plaintiffs and not the Chapter 7 trustee.

As to the non-core case argument, Plaintiffs state that this is a core matter inasmuch as it

- 8 -

entails the collection of a discharged debt[4] and the violations of other provisions of the Bankruptcy Code.  Plaintiffs contend that abstention is improper because the case does not involve unsettled questions of state law or a pending state court proceeding.  Lastly, Plaintiffs maintain that the case is not time-barred and explain by only stating that "this case is based on facts that constitute a pattern of moral harassment and the intentional infliction of emotional distress and duress.  A pattern that continues to this day and as can be plainly seen from defendants actions both before this Court and before the state courts and through extra judicial means." Response to Motion for Partial Dismissal, Docket No. 51, page 15.

### Discussion

*Standard for Granting a Motion to Dismiss*

Motions to dismiss are governed by Federal Rule of Civil Procedure 12(b)(6), which provides that a defense of "failure to state a claim upon which relief can be granted" to a claim for relief may be presented by motion before the filing of a responsive pleading.

For purposes of a motion to dismiss, "(1) the complaint is construed in the light most favorable to the plaintiff, (2) its allegations are taken as true, and (3) all reasonable inferences that can be drawn from the pleading are drawn in favor of the pleader." Federal Practice and Procedure § 1357 at 417, citing Viera Marcano v. Ramirez Sanchez, 224 F. Supp. 2d 397 (D.P.R. 2002). See also, Correa Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990).  The plaintiff must set forth "factual allegations, either direct or inferential, regarding each material

---

[4] On even date an order was entered denying Cossec's Motion Requesting that Plaintiffs' Response to Motion for Partial Dismissal be Disregarded as Untimely, in the Alternative, Requesting Leave to File Reply (Docket No. 53).  However, Plaintiff's Response to Motion for Partial Dismissal and Memorandum in Support Thereof (Docket No. 51) will not be considered as an amendment to the Complaint.

-9-

element necessary to sustain recovery under some actionable theory." Id., citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). See also, LaChapelle v. Berkshire Life Insurance Company, 142 F.3d 507, 508 (1st Cir. 1998) (In considering a motion to dismiss under Rule 12(b)(6), the court must "determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory.")

[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Federal Practice and Procedure §1357 at 571, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); see also, In re Diamond, 346 F.3d 224 (1st Cir. 2003); Leopoldo Fontanillas, Inc. v. Luis Ayala Colon Sucesores, Inc., 283 F. Supp.2d 579 (D.P.R. 2003); Eastern Food Services, Inc. v. Pontifical Catholic University of Puerto Rico Service Association, Inc., 222 F. Supp.2d 131, 134 (D.P.R. 2002). Therefore, "the question on a motion to dismiss under Rule 12(b)(6) is whether in the light most favorable to the plaintiff, and with every doubt resolved in the pleader's behalf, the complaint states any legally cognizable claim for relief." Id. at 640. "Because a dismissal terminates an action at the earliest stages of the litigation, without a developed factual basis for decision, the court must carefully balance the rule of simplified civil pleading against the need for something more than conclusory allegations. Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F. 2d 962, 971 (1st Cir. 1993). The court will not accept unsupported conclusions or interpretations of the law. Id.

In order to dismiss a claim for the time-barring effects of a statute of limitations, the complaint and related documents must show beyond doubt that the claim is out of time. Rodi v. Southern New England School of Law, 389 F.3d 5, 21 (1st Cir. 2004) citing La Chapelle v.

- 10 -

<u>Berkshire Life Ins. Co.</u>, 142 F.3d 507, 509 (1st Ci. 1998).

*Violation of the Automatic Stay*

The Bankruptcy Code in its section 362 provides in its pertinent part as follows:

**(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of–

**(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

**(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

**(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

**(4)** any act to create, perfect, or enforce any lien against property of the estate;

**(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

**(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

**(7)** the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

**(8)** the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

...

**(c)** Except as provided in subsections (d), (e), (f), and (h) of this section--

**(1)** the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

**(2)** the stay of any other act under subsection (a) of this section continues until the earliest of--

**(A)** the time the case is closed;

- 11 -

**(B)** the time the case is dismissed; or

**(C)** if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

11 USC § 362. The facts alleged in the Complaint fail to state a claim upon which relief may be granted for a violation of the automatic stay . There have been two bankruptcy cases filed by Plaintiffs during which the automatic stay provision was in effect; one (89-05309(ESL)) filed under Chapter 7, on November 28, 1989 and closed on October 21, 1992 after the discharge of debtor was entered on September 24, 1990; and the other (91-05748), filed under Chapter 13, on August 27, 1991 and dismissed on February 20, 1992.

The Complaint alleges that Policoop filed an action before the Superior Court of Puerto Rico against the Plaintiffs herein, on May 27, 1994, Case No. KCD94-0286, requesting payment in full of the monies owed, foreclosure of the property and collection of monies. The case was voluntarily dismissed by Policoop on June 20, 1995, judgment was entered on July 5, 1995. Later, on February 12, 2004, Policoop and Cossec filed another case against Plaintiffs herein, Case No. KCD 04-0157, before the Superior Court, San Juan Part, again requesting payment in full of the amounts owed, foreclosure of the property and collection of monies. No other collection efforts violating section 362 of the Bankruptcy Code were alleged in the Complaint.

Neither of the collection cases filed by Policoop were filed while the automatic stay provision was in effect. The two bankruptcy cases filed by Plaintiffs were closed before Cossec and Policoop filed their actions, therefore the stay had been terminated before the collection actions were filed. See, 11 USC § 362(c)(2). Under these circumstances there could not have been a violation of the automatic stay and thus, this cause of action is hereby dismissed.

- 12 -

*Statute of Limitations*

In 1988 Policoop loaned the Plaintiffs $92,000. According to the Complaint, after paying in full the outstanding balance on the second mortgage on Plaintiffs' residence to First Federal Savings Bank, Policoop and/or co-defendants John Doe and Jane Doe, two officials, agents, representatives and/or high employees from co-defendant Policoop involved in Saint Anton Properties and/or San Anton Diversified, unlawfully retained the balance of approximately $43,000. By 1991, according to the allegations made in the Complaint regarding the meeting with the attorney for Policoop, Ms. Alejandrina Rivera Vicente, Plaintiffs knew about the alleged fraudulent scheme they had been made part of. This Complaint was filed on September 23, 2005, that is, seventeen years after the loan was given and, at least, fourteen years after Plaintiffs knew of the fraud.

In the Complaint Plaintiffs do not specify under which statute they are bringing the fraud action, however, it is clear that this matter is governed by state law and by the local statute of limitations. Rodriguez Narvaez v. Nazario, 895 F.2d 38, 43 (1st Cir. 1990); Bornstein v. Poulos, 793 F.2d 444 (1st Cir. 1986). The fraud action raised in the Complaint arises from the fact that in 1988 Policoop lent the Plaintiffs approximately $92,000.00 guaranteed with a second mortgage over Plaintiffs' residence and co-defendants San Anton and/or John Doe and/or Jane Doe and/or Policoop unlawfully retained the amount of $43,000 from the loan of approximately $92,000. The Plaintiffs state that the aforementioned co-defendants "had created a repeated **fraudulent scheme** over which they were accused, found guilty and sentenced by the Federal District Court for the District of Puerto Rico." Complaint, Docket No. 1, page 9. The Complaint does not provide the case number or any reference to the same.

- 13 -

"Civil obligations, arising from crimes and misdemeanors, shall be governed by the provisions of this title [the Civil Code of Puerto Rico]". 31 L.P.R.A. § 2995. These civil obligations arising from crimes and misdemeanors are governed by the provisions related to tort liability. Guzmán v. Vidal, 19 D.P.R. 841 (1913). Article 1802 of the Civil Code of Puerto Rico provides that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity." 31 L.P.R.A. § 5141. In relation to this provision Article 1868 of the Civil Code sets a one-year prescriptive term to file an action under § 5141. "The following prescribe in one (1) year: ... (2) Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in § 5141 of this title, from the time the aggrieved person had knowledge thereof." 31 L.P.R.A. § 5298. It has been established that the one year prescriptive term applies to other indemnification actions of a similar nature, provided that they are not governed by special statutes. Olmo v. Young & Rubicam of P.R., Inc., 110 D.P.R. 740 (1981). Furthermore, a civil action based on the violation of a criminal statute is an action ex delicto with the same prescriptive period as an action for fault or negligence, and would be untimely if brought more than one year after the aggrieved party had knowledge of the injury. Bussati v. Grace & Compania, Puerto Rico, 274 F.Supp. 601 (D.P.R. 1967); Guzman v. Vidal, 19 D.P.R. 841 (1913)(A tort action based on a rape was dismissed as it was filed more than one year after the crime took place.)

Plaintiffs filed a Chapter 7 petition in 1989, Case No. 89-05309, because they were unable to comply with the mortgage payments, became aware of the "problem" or "situation"

- 14 -

with Policoop after the discharge order was entered in 1990, discussed the problem with counsel for Policoop in 1990, and received a letter from Policoop's counsel in 1991. Therefore, Plaintiffs had knowledge of the alleged fraud they had been victims of, by 1991. Under these circumstances the fraud cause of action is time-barred.

Also, the Civil Code of Puerto Rico in its Article 1054 provides as follows:

> Those who in fulfilling their obligations are guilty of fraud, negligence, or delay, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby.

31 L.P.R.A. § 3018. Policoop had a contractual obligation with the Plaintiffs and they failed to discharge their obligations under the contract. In a breach of contract action the applicable statute of limitations is fifteen (15) years. "A mortgage action prescribes after twenty (20) years, and those which are personal and for which no special term of prescription is fixed, after fifteen (15) years." 31 L.P.R.A. § 5294. Even then, considering that the contract between the parties was executed in 1988 and the Complaint was filed, at least, sixteen years later, in 2005, the cause of action is clearly time-barred.

In view that the fraud related causes of action are time-barred, this court needs not discuss the other grounds raised in Cossec's Motion for Partial Dismissal.

## Conclusion

For the reasons stated above, the Motion for Partial Dismissal is hereby granted and the case is dismissed as to co-defendants Cossec and Policoop, each party to bear their own costs. The Clerk shall enter partial judgment dismissing the claims for relief against Cossec and Policoop.

SO ORDERED.

In San Juan, Puerto Rico, this 16th day of March 2007.

_____
ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge